IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Hilton Hayes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 0:18-cv-1956-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Dr. Hughes; Nurse Stroud; A. W. Ragin; Lilian Emetu, | ) | |
| | ) | |
| Defendants. | ) | |

On July 17, 2018, Plaintiff Hilton Hayes, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, asserting federal claims for deliberate indifference to his medical needs and state law claims for negligence and gross negligence in the provision of medical care. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

At the time Plaintiff filed this action, he was an inmate at Wateree River Correctional Institution ("WRCI"). (ECF No. 1 at 2). By orders dated July 30, 2018; August 29, 2018; and September 13, 2018, the magistrate judge directed Plaintiff to notify the court immediately in writing of any changes to his mailing address. (ECF Nos. 7 at 3, 12 at 2, 17 at 3). By each of these orders, the magistrate judge further

1

warned the Plaintiff that his "case may be dismissed for violating this order." *Id*. Each of these orders was mailed to Plaintiff at WRCI and were *not* returned as undeliverable. (ECF Nos. 8, 13, 18).

On December 2, 2018, Defendants Stroud, Ragin, and Emetu filed a motion for summary judgment. (ECF No. 44). On December 3, 2018, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (1975), advising Plaintiff of the summary judgment process and the possible consequences—including dismissal of his action—if he failed to submit an adequate or timely response to Defendants' motion. (ECF No. 45). Also, on December 3, the clerk's office mailed the *Roseboro* order to Plaintiff at WRCI (ECF No. 46).[1]

On December 21, 2018, Defendant Hughes also filed a motion for summary judgment. (ECF No. 48). On December 26, 2018, the clerk's office mailed a second *Roseboro* order to Plaintiff at the WRCI address he had provided. (ECF No. 51). On January 8, 2019, the *Roseboro* order was returned as undeliverable. (ECF No. 53).

On January 11, 2019, the magistrate judge issued a Report and Recommendation (the "Report") (ECF No. 55), concluding that Plaintiff had failed

---

[1] Although there is no docket entry noting that this *Roseboro* order (ECF No. 45) was returned as undeliverable, a prior court order, dated November 20, 2019, (ECF No. 40), was mailed to Plaintiff at the WRCI address he provided but returned as undeliverable because Plaintiff was "not at WRCI." (ECF No. 47-1).

to comply with the multiple orders directing him to immediately advise the Clerk of Court of a change in address and that the case met the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). (ECF No. 55 at 2). The Report therefore recommended that the court dismiss Plaintiff's action with prejudice for lack of prosecution and failure to comply with a court order and terminate the pending summary judgment motions. *Id.* The Report also advised Plaintiff of his right to file objections. *Id*. at 3. On January 11, 2019, the Report was mailed to Plaintiff at the WRCI address he had provided, (ECF No. 56), but it was again returned as undeliverable. (ECF No. 57).

On January 25, 2019, Plaintiff provided written notice to the clerk of court of a change in address to 4554 Richburg Rd., Richburg, SC, 20729. (ECF No. 59). The clerk then mailed another copy of the Report to Plaintiff's updated Richburg address. (ECF No. 60). The court granted Plaintiff an extension of time to file objections to the Report. (ECF No. 63). On February 14, 2019, however, the Report was again returned as undeliverable to Plaintiff's Richburg address. (ECF No. 66).

Ultimately, Plaintiff obtained a copy of the Report by retrieving it in person from the clerk's office on February 6, 2019. (ECF No. 65). On February 20, 2019, Plaintiff filed objections to the Report in which he simply repeated the factual allegations he made in his complaint. (ECF No. 67). At the time he filed his objections, Plaintiff also requested certain copies of documents from the Clerk of

Court (ECF No. 68); however, the clerk's written response to this request was again returned as not deliverable to the Richburg address provided by Plaintiff. (ECF No. 71).

Finally, on July 3, 2019, the court issued an order recounting Plaintiff's continued failure during the pendency of this action to keep the court apprised of his current mailing address and directing Plaintiff to provide, in writing, a current and valid mailing address within fifteen days of the date of the order. (ECF No. 74). The court warned Plaintiff that his failure to do so would result in the dismissal of his action for failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id*.

The clerk of court mailed the July 3, 2019, order to Plaintiff's Richburg address—the most recent address provided to the court by Plaintiff. (ECF No. 75). On July 8, 2019, the order was once again returned as undeliverable to Plaintiff at the Richburg address; the envelope, however, indicated that the "forward time" had expired for "4425 Saluda Rd., Rock Hill, SC, 29730." (ECF No. 77). The clerk immediately mailed another copy of the July 3, 2019, order to the Rock Hill address. (ECF No. 79). On July 18, 2019, the order was returned from the Rock Hill address as "undeliverable/forward time expired" with the Richburg address listed as the forwarding address. (ECF No. 80).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Although Plaintiff filed objections to the Report (ECF No. 67), those objections merely restate the factual allegations and legal conclusions set forth in his complaint, and they fail to address any specific, dispositive portion of the Report. The court has thoroughly reviewed the Report and the docket entries in this case and finds no reason to deviate from the Report's recommendation that this action be dismissed for lack of prosecution and that the pending motions be terminated. *See Fair v. Alvin S. Glenn Det. Ctr.*, No. 5:17-cv-976-TMC, 2017 WL 6270625, at *1

(D.S.C. Dec. 7, 2017) (adopting recommendation to dismiss action for lack of prosecution and for failure to comply with this court's orders where "all mail sent to Plaintiff has been returned as 'undeliverable'"); Fed. R. Civ. P. 41(b).

To date, Plaintiff has not responded to the court's order directing him to provide, in writing, a current and valid mailing address. (ECF No. 74). Indeed, since filing his objections, Plaintiff's mail has been returned as undeliverable on at least three occasions, (ECF Nos. 71, 77, 80), as a result of his continued failure to comply with the court's directive that a valid, updated mailing address be provided. The court concludes that it is appropriate to dismiss the action but that the dismissal should be without prejudice. *See Fair*, 2017 WL 6270625, at *2.

Accordingly, as set forth above, the court adopts in part the Report of the magistrate judge (ECF No. 55) as modified and incorporates it herein except to the extent it recommends dismissal *with* prejudice. It is therefore **ORDERED** that Plaintiff's action be **DISMISSED without prejudice** for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that all pending motions (ECF Nos. 44 and 48) be **terminated as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 23, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.